AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>PATRICK RANIERI<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 19-mj-6281-PMH<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  March 25, 2019 to April 23, 2019  in the county of  Broward  in the  Southern  District of  Florida, and elsewhere , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846 and Title 18, United States Code, Section 2 | Possession with the Intent to Distribute Fentanyl and Conspiracy to do the Same |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Eric J. Fess; DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  June 4, 2019

_____
*Judge's signature*

City and state:  Fort Lauderdale, Florida     PATRICK M. HUNT; U.S. MAGISTRATE JUDGE
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ISSUANCE OF AN ARREST WARRANT**

I, Eric J. Fess, being first duly sworn, hereby depose and state as follows:

INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is submitted in support of a criminal complaint to establish probable cause that Patrick RANIERI (RANIERI), between on or about March 25, 2019 and continuing through on or about April 23, 2019, in the Southern District of Florida and elsewhere, did knowingly and willfully conspire with others to possess with the intent to distribute a mixture or a substance containing a detectable amount of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846, and, between on or about March 26, 2019 and on or about April 23, 2019, in the Southern District of Florida and elsewhere, did knowingly and intentionally distribute a mixture or a substance containing a detectable amount of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

2. I am a federal law enforcement officer, within the meaning of Federal Rule of Criminal Procedure 41 (a)(2)(c) and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18 and 21 of the United States Code (USC), including 18 USC §§ 1956 and 1957 (money laundering) and 21 USC §§ 841 and 846 (possession with the intent to distribute a controlled substance and conspiracy to do the same). I am a Special Agent with United States Department of Justice, Drug Enforcement Administration (DEA). I have been a Special Agent since November 2002. I am assigned to the DEA West Palm Beach District Office in Palm Beach County, Florida. As a Special Agent, I am responsible for investigating violations of federal law relating to illegal narcotic traffickers and money laundering. I have received specialized training in narcotics related investigations. I have successfully completed the DEA Basic Training Program, Field Training Programs,

and the Advanced Agent Training Program. I have been involved in the execution and planning of narcotics related arrests for over 16 years.

3. The facts in this affidavit come from my personal observations, my training and my experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

4. On or about March 25, 2019, Broward Sheriff Office (BSO) Detective Frank Sanchez, working in an undercover (UC) capacity, arranged to purchase a sealed case containing 30 units of Fentanyl lollipops from RANIERI. Fentanyl lollipops are a common term for Teva Pharmaceutical Fentanyl Lozenges. Each lozenge contains a dosage of Fentanyl suspended in a sugar solution on a stick. The Fentanyl Lozenges that the UC arranged to purchase contained 400mcg of Fentanyl suspended in two (2) grams of sugar in each unit. The UC agreed to pay $32 for each of the 30 lollipops for a total purchase price of $960. These arrangements between the UC and RANIERI were conducted using (754) 779-1317 (TARGET TELEPHONE). The conversations were in the form of a voice conversation and text messaging. All voice conversations with RANIERI were recorded and the text messages were stored as evidence. A meeting was scheduled to occur at the Walgreens parking lot in Dania Beach, Broward County, Florida on or about March 26, 2019.

5. Oral Transmucosal Fentanyl Citrate lozenges are only available through the Transmucosal Immediate-Release (TIRF) Risk Evaluation and Mitigation (REMS) Access program. Teva Pharmaceutical Lozenges are a Schedule II narcotic that can only be legally obtained by prescription from a licensed medical physician. Schedule II narcotics have a high potential for abuse, with use potentially leading to severe psychological or physical dependence. The only FDA-approved use for TIRF medicines is to

manage breakthrough pain in adults with cancer. Oral Transmucosal Fentanyl Citrate lozenges can only be legally obtained by prescription from a licensed doctor that is registered with USDA to distribute TIRF.

6. On or about March 26, 2019, law enforcement established surveillance at the Dania Beach Walgreens previously mentioned. The UC called the TARGET TELEPHONE to inform RANIERI that the UC was ready to meet. RANIERI told the UC he would be driving a black Hyundai coupe.

7. A short time later, law enforcement conducting surveillance observed RANIERI arrive at the Dania Beach Walgreens parking lot, exit the black Hyundai coupe and carry a white plastic shopping bag as he walked into the store. The UC arrived in a UC vehicle and called RANIERI using the TARGET TELEPHONE. RANIERI answered the TARGET TELEPHONE and the UC described the vehicle he was inside. Shortly thereafter, law enforcement conducting surveillance observed RANIERI walk out of the Walgreens carrying the white plastic shopping bag and enter the passenger side of the UC's vehicle. According to the UC, RANIERI indicated the sealed box of Fentanyl lollipops were procured by a friend who gets them from a Walgreens pharmacy on Commercial Boulevard. The UC and RANIERI spoke about the purchase and about future purchases. After the UC paid RANIERI approximately $960 for the Fentanyl, RANIERI indicated that he had two more boxes of Fentanyl to sell and he could be contacted again by the UC contacting the TARGET TELEPHONE. The transaction was audio and video recorded.

8. The box of 400 mcg Oral Transmucosal Fentanyl Citrate provided by RANIERI was manufactured by Teva Pharmaceuticals and had a National Drug Code (NDC) number of 00093-7866-65.

9. On or about April 22, 2019, the UC contacted the TARGET TELEPHONE to negotiate the purchase by the UC from RANIERI of two (2) additional boxes of Fentanyl lollipops. RANIERI told the UC that he (RANIERI) had one (1) box containing 30 400mcg Fentanyl lollipops for sale at $32 for each of the

lollipops for a total purchase price of $960 and a box containing 30 600mcg Fentanyl lollipops for sale at $30 each of the lollipops for a total purchase price of $900. RANIERI explained that the source from whom RANIERI purchased the 600mcg Fentanyl had lowered the price and RANIERI was passing the savings on to the UC. The conversations were both in the form of recorded voice conversation and text messages. All electronic communication was stored as evidence.

10. On or about April 23, 2019, during a conversation on the TARGET TELEPHONE, RANIERI instructed the UC to meet RANIERI at 1602 South 17th Avenue, Hollywood, Broward County, Florida. Law enforcement established surveillance at the address RANIERI provided. Law enforcement conducting surveillance observed RANIERI sitting in a white truck bearing Florida license plate CYAM49. An inquiry with the Florida Department of Motor Vehicles established the vehicle was registered to Patrick RANIERI. After the UC arrived and parked at the 1602 South 17th Avenue residence, RANIERI exited the white truck carrying a white Walgreens bag and entered the passenger side of the UC's vehicle. RANIERI subsequently sold the UC one (1) box of 30 400mcg pops for $32 each and one (1) box of 30 600mcg pops for $30 each for a total purchase price of $1,860.00. The transaction was audio and video recorded.

11. The box of 400 mcg Oral Transmucosal Fentanyl Citrate provided by RANIERI was manufactured by Teva Pharmaceuticals and assigned National Drug Code (NDC) number 00093-7866-65. The box of 600 mcg Oral Transmucosal Fentanyl Citrate was manufactured by Teva Pharmaceuticals and assigned National Drug Code (NDC) number 00093-7867-65.

12. Based on the above information and facts, your affiant submits there is probable cause to believe that Patrick RANIERI, between on or about March 25, 2019 and continuing through on or about April 23, 2019, in the Southern District of Florida and elsewhere, did knowingly and willfully conspire with others to possess with the intent to distribute a mixture or a substance containing a detectable

amount of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846, and, between on or about March 26, 2019 and on or about April 23, 2019, in the Southern District of Florida and elsewhere, did knowingly and intentionally distribute a mixture or a substance containing a detectable amount of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Eric J. Fess
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 4th day of June 2019.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE